IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA MOORE,

                                                                ORDER

                    Plaintiff,

                                                       12-cv-496-bbc

     v.

McKESSON CORPORATION,
ASTRAZENECA PHARMACEUTICALS LP,
ASTRAZENECA PLC and DOES 1-100,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this product liability action, plaintiff Barbara Moore alleges that she was injured as a result of ingesting the drug Nexium, which she alleges was manufactured by defendant AstraZeneca Pharmaceuticals LP and AstraZeneca PLC and distributed by defendant McKesson Corporation. This case was filed originally in California state court as a 92-plaintiff lawsuit. On June 1, 2012, defendants removed the case to the District Court for the Central District of California under 28 U.S.C. § 1441. Notice of Removal, dkt. #1. On July 10, 2012, the district court granted defendants' motion to sever and transfer certain claims to various courts around the country. Dkt. #11. Plaintiff's claim was severed and transferred to this court, along with a pending motion to dismiss under California law. Dkt. #10. After the case was transferred, defendants filed a supplemental motion to dismiss, raising arguments under Wisconsin law. Dkt. #44. That motion became moot when

plaintiff filed an amended complaint on October 25, 2012, within the deadline set by the pretrial conference order. Dkt. #46. (Defendants filed a motion to dismiss plaintiff's amended complaint that is being briefed by the parties.)

Now before the court is plaintiff's motion to stay this case pending a decision from the Judicial Panel on Multidistrict Litigation on her motion to transfer this case to the Central District of California under 28 U.S.C. § 1407. Dkt. #47. Unfortunately, I cannot decide the motion to stay because it is not clear whether the court has subject matter jurisdiction over this case.

"The first question in every case is whether the court has jurisdiction." Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010). Courts have an independent obligation to insure that jurisdiction exists. Booker-El v. Superintendent, Indiana State Prison, 668 F.3d 896, 899 (7th Cir. 2012). Because defendants removed the case to federal court, they have the burden of establishing that the court has jurisdiction. Carroll v. Stryker Corp., 658 F.3d 675, 680 (7th Cir. 2011). In their notice of removal, defendants say that jurisdiction is present under 28 U.S.C. § 1332, but I cannot make that determination from defendants' allegations in the notice. To establish jurisdiction under § 1332, a party must show that the existence of complete diversity between plaintiffs and defendants and an amount in controversy that exceeds $75,000. In defendants' notice of removal, they provide adequate allegations about the amount in controversy. Additionally, they provide sufficient allegations about their own citizenship for purposes of § 1332. They allege that:

- Defendant AstraZeneca Pharmaceuticals LP is a Delaware limited partnership with the following partners: (1) AstraZeneca AB, a Swedish

    corporation with its principal place of business in Sweden; (2) Zeneca Inc., a Delaware corporation with its principal place of business in Delaware; (3) Astra USA Inc., a Delaware corporation with its principal place of business in Delaware; and (4) Astra U.S. Holdings Corporation, a Delaware corporation with its principal place of business in Delaware.

- Defendant AstraZeneca PLC is a public company incorporated under the laws of England and Wales, with its principal place of business in London, England.

- Defendant McKesson Corporation is a Delaware corporation with its principal place of business in California.

Thus, for jurisdictional purposes, AstraZeneca Pharmaceuticals LP is a citizen of Delaware and Sweden, AstraZeneca PLC is a citizen of England and Wales and McKesson Corporation is a citizen of Delaware and California.

  The defect in defendants' notice of removal is with respect to plaintiff's citizenship. At the time of removal, 92 plaintiffs were involved in this case. In their notice of removal, defendants alleged that "[a]s per the allegations of the Complaint, the plaintiffs are, and at the time of the filing of this action were, citizens of one of the following States: California, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin and Wyoming." Notice of Removal, dkt. #1, at ¶ 2. However, a review of the allegations in the complaint does not back up defendants' allegations about the plaintiffs' "citizenship." It contains allegations about the "residency" of the various plaintiffs. E.g., Cpt. at 11 ("Plaintiff, Barbara Moore, who resides in the City of Odanah, State of Wisconsin, took Nexium and was injured as a result."). As the Court of Appeals for the Seventh Circuit has explained, "residence" and "citizenship" are not the same thing for purposes of determining diversity

jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); Meyerson v. Harrah's East Chicago Casino, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). To establish citizenship, defendants must show where plaintiff is domiciled, that is, where she intends to live for the foreseeable future. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Defendants' notice of removal is deficient in this regard.

This discussion of citizenship leads to the question whether it will be sufficient for defendants to show that plaintiff Moore's citizenship is diverse from defendants', or whether defendants must show that each person who was a plaintiff in this case before it was severed and transferred to various courts had citizenship diverse from each defendant. The general rule is that "[w]hen a case is initially filed in state court and then removed to federal court . . . we analyze our jurisdiction at the time of removal, as that is when the case first appears in federal court." Huric v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009). I have found no authority stating that the court should analyze jurisdiction in a case removed from state court by considering only the citizenship of parties remaining in the case after it has been severed and transferred. Further, the court of appeals has suggested that it would be inappropriate for a federal court to sever plaintiffs from a case in order to make the case removable in diversity. Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000)

4

("Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable."). Thus, if jurisdiction must be analyzed "at the time of removal," defendants must show that all plaintiffs who were parties to this case at the time of removal had citizenship completely diverse from all defendants.

The original complaint contains information about the state of residency of each original plaintiff, and it may be that defendants could show that each plaintiff is a citizen of the state in which that plaintiff resided at the time the case was removed to federal court. However, even assuming defendants could make such a showing, there would still be questions about whether there was complete diversity at the time of removal. In its notice of removal, defendants conceded that defendant McKesson Corporation, a citizen of California and Delaware, was not diverse from at least one on the plaintiffs, a California resident. Defendants contended that McKesson's citizenship should be disregarded because the company was "fraudulently joined" and there was no reasonable chance that plaintiffs could prevail against McKesson. Notice of Removal, dkt. #1, ¶¶ 5-9. After the District Court for the Central District of California severed and transferred this case, it considered whether it had subject matter jurisdiction over the claims of the California plaintiff. In an order entered July 23, 2012, the district court concluded that it did not have subject matter jurisdiction because the parties were not completely diverse. Velasco v. McKesson Corp., Case No. CV 12-4809, dkt. #53, 2012 U.S. Dist. LEXIS 102080 (C.D. Cal. July 23, 2012). The court rejected defendants' arguments about fraudulent joinder and concluded that McKesson was not joined simply to destroy diversity. Accordingly, the district court

5

concluded that McKesson's presence in the lawsuit destroyed diversity and it remanded the case to state court. Id.

Under the district court's reasoning, this case should never have been removed to federal court because the parties were not completely diverse. If it is true that this case was removed improperly, it seems questionable that this court would have jurisdiction over a portion of the case that was severed off and transferred here.

Because the case law is unclear on these issues and neither party has had an opportunity to address them, I will give both sides a chance to respond to the issues raised in this order. In particular, both sides should address (1) whether this court must focus on the state of the case at the time of removal when analyzing jurisdiction and (2) whether the order by the Central District of California dismissing the original case for lack of subject matter jurisdiction affects this court's jurisdictional analysis. Because the standard for assessing jurisdiction is unclear, defendants do not need to file supplemental materials establishing the citizenship of each original plaintiff at this time. However, defendants should file documentation of plaintiff Moore's citizenship (an affidavit or stipulation will suffice). After reviewing the parties' submissions, I will determine whether defendants must file additional evidence to establish jurisdiction.

ORDER

IT IS ORDERED that defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC and McKesson Corporation have until November 29, 2012 to file supplemental materials

establishing the citizenship of plaintiff Barbara Moore and to address the questions raised in this order. If defendants do not respond by November 29, I will dismiss this case for lack of subject matter jurisdiction. If defendants do respond, plaintiff may have until December 6, 2012 to file a response brief.

      Entered this 16th day of November, 2012.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge