FILED
CLERK, U.S. DISTRICT COURT

12/10/12

CENTRAL DISTRICT OF CALIFORNIA
BY: SB            DEPUTY

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEXIUM (ESOMEPRAZOLE)
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2404

2:12-CV-10570 DSF-SSx         ~~MASTER~~

Barbara Moore vs. McKesson Corporation

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in thirty-six actions pending in or originating in the Central District of California move to centralize this litigation in the Central District of California. This litigation currently consists of thirty-nine actions pending in nineteen district courts, as listed on Schedule A.[1] The actions in this litigation involve products liability claims against AstraZeneca arising from ingestion of the drug Nexium (esomeprazole magnesium), a proton pump inhibitor (PPI) prescribed for the treatment of heartburn, acid-reflux, and inflammation of the esophagus. Plaintiffs allege that Nexium may cause a variety of bone ailments—in particular, osteoporosis, loss of bone density, and bone fractures—and that AstraZeneca failed to adequately warn of these potential adverse side effects.

All the responding plaintiffs support centralization in the Central District of California. All of the responding defendants[2] oppose centralization, but propose different alternative courses of action. AstraZeneca and McKesson alternatively suggest that, if this litigation is centralized, the Southern District of Texas should serve as the transferee district. Takeda alternatively requests the Panel separate and remand the claims against it in the Northern District of California *Beatty* action. Janssen, a defendant in a potential tag-along action, asks that we exclude that action from any centralized litigation.

In opposing centralization, defendants argue that each action will involve multiple individualized fact issues of causation and product identification that will require discovery unique

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] The parties have notified the Panel of three additional related actions pending in the Northern District of Alabama, the Northern District of Illinois, and the District of Nevada (a fourth potentially related action was subsequently dismissed). These actions and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] The responding defendants are: AstraZeneca Pharmaceuticals LP and AstraZeneca LP (AstraZeneca); McKesson Corporation (McKesson); Takeda Pharmaceuticals U.S.A., Inc., Takeda Global Research & Development Center, Inc., Takeda Pharmaceuticals International, Inc., Takeda America Holdings, Inc., and Takeda California, Inc. f/k/a Takeda San Diego, Inc. (Takeda); and Johnson & Johnson and Janssen Pharmaceuticals, Inc. (Janssen).

I hereby attest and certify on 12/10/12
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

-2-

to each case. Defendants also contend that any multidistrict litigation is destined to become an industry-wide litigation encompassing not only Nexium, but multiple different PPIs and manufacturers. We respectfully disagree.

Although defendants focus on product identification issues, we are not persuaded that these issues are so daunting that multidistrict treatment is unwarranted. Centralized products liability cases generally will involve some individual questions of fact. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011). Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *Id.* (citing cases). The transferee court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to manage this litigation efficiently.

Furthermore, experience has shown that pharmaceutical products liability actions do not inevitably expand to encompass all similar medications. Indeed, *every* plaintiff in each action on the motion alleges that he or she ingested *Nexium* and that this caused plaintiff's injuries. Actions that do not involve Nexium or do not contain allegations of bone-related injuries will not be centralized (barring an indication from the transferee court that the parameters of this litigation should be altered). Should the circumstances regarding any action develop such that either the transferee judge or the parties determine that continued inclusion of a claim or action no longer remains advisable, procedures are available whereby remand of that claim or action may be accomplished with a minimum of delay. *See* Panel Rule 10.1(b).

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions before the Panel assert claims against AstraZeneca arising from ingestion of the drug Nexium. Specifically, the actions share allegations relating to the safety of Nexium and the adequacy of AstraZeneca's warnings concerning the possible adverse side effects of using Nexium—in particular, the potential that Nexium may cause bone-related injuries such as osteoporosis, bone deterioration or loss, and broken bones. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We decline Takeda's alternative request to separate and remand the Northern District of California *Beatty* action from this litigation. That request is based on the allegation of one plaintiff in that action that she ingested *both* Takeda's Prevacid and AstraZeneca's Nexium. Excluding the claims against Takeda will result only in duplicative discovery and pretrial practice. The transferee judge can structure the pretrial proceedings so that discovery with respect to any issues unique to Takeda can proceed concurrently with discovery on common issues. *See In re Coloplast Corp. Pelvic Support Sys. Prods. Liab. Litig.*, MDL No. 2387, __ F. Supp. 2d __, 2012 WL 3244296, at *1 (J.P.M.L. Aug. 6, 2012).

-3-

Normally, we would consider Janssen's request to exclude the potentially-related *Goodman* action in the District of Nevada from the MDL to be premature. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011). However, based on the injury described in the complaint (hypomagnesemia) and the parties' arguments, it is apparent that *Goodman* does not fall within the scope of this MDL. Accordingly, we will not conditionally transfer that action to the MDL. If any involved party believes that *Goodman* should be centralized, it may file a separate motion to that effect. *See* Panel Rule 7.1(b)(i).

We conclude that the Central District of California is an appropriate transferee district for this litigation. The eight actions pending in that district involve the vast majority of plaintiffs in this litigation—over a thousand plaintiffs. Further, twenty-eight of the non-California actions were initially transferred from the Central District of California pursuant to 28 U.S.C. § 1404.[3] The Central District of California is also accessible and is proximate to at least four state court actions involving approximately another two hundred plaintiffs. Thus, centralization in this district will facilitate coordination with pending state court litigation. Finally, by selecting Judge Dale S. Fischer to preside over this matter, we are selecting a jurist with multidistrict litigation experience and the ability to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Dale S. Fischer for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.   Paul J. Barbadoro
Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan

---

[3] As we have previously observed, the considerations affecting transfer under Section 1404 are not the same as those affecting transfer under Section 1407, and there is no inconsistency in centralizing actions that have been so transferred in the originating district. *See In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 545 F. Supp. 2d 1365, 1367 (J.P.M.L. 2008).

**IN RE: NEXIUM (ESOMEPRAZOLE)**
**PRODUCTS LIABILITY LITIGATION**                                                      MDL No. 2404

# SCHEDULE A

<u>Central District of California</u>

Linda Carrasco, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05044
Lupe Abina, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05046
Antoinette Johnson, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05048
Unniebe Solomon, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05049
Pamela Mason, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05050
Christine Nickerson, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05052
Sherwin Arae, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05053
Phyllis Cudney, et al. v. McKesson Corporation, et al., C.A. No. 2:12-05077

<u>Northern District of California</u>

Judy Beatty, et al. v. AstraZeneca Pharmaceuticals, L.P., et al., C.A. No. 4:12-03507

<u>Southern District of California</u>

Lois Hornsby, et al. v. AstraZeneca Pharmaceuticals LP, et al., C.A. No. 3:12-01307

<u>Eastern District of Tennessee</u>

Georgia Lou Payne v. McKesson Corporation, et al., C.A. No. 3:12-00341
Rodney Penland v. McKesson Corporation, et al., C.A. No. 3:12-00342
Cynthia Phillips v. McKesson Corporation, et al., C.A. No. 3:12-00343
Kelly Wayne Powers v. McKesson Corporation, et al., C.A. No. 3:12-00344
Peggy Smith v. McKesson Corporation, et al., C.A. No. 3:12-00345
Debra Ann Sweet v. McKesson Corporation, et al., C.A. No. 3:12-00346
Daniel Robin Thomas v. McKesson Corporation, et al., C.A. No. 3:12-00347
Kelly Toler-Allen v. McKesson Corporation, et al., C.A. No. 3:12-00348
Mary Ann Wheeler v. McKesson Corporation, et al., C.A. No. 3:12-00349

<u>Middle District of Tennessee</u>

James R. Biggers, et al. v. AstraZeneca, LP, et al., C.A. No. 1:11-00062

<u>Western District of Tennessee</u>

Beatrice Velasco, et al. v. McKesson Corporation, et al., C.A. No. 2:12-02613

-A2-

**MDL No. 2404 Schedule A (Continued)**

Eastern District of Texas

Beatrice Velasco, et al. v. McKesson Corporation, et al., C.A. No. 6:12-00444

Northern District of Texas

Beatrice Velasco, et al. v. McKesson Corporation, et al., C.A. No. 3:12-02241

Southern District of Texas

Beatrice Velasco, et al. v. McKesson Corporation, et al., C.A. No. 4:12-02099

Western District of Texas

Irene Avelar, et al. v. McKesson Corporation, et al., C.A. No. 5:12-00673

District of Utah

Wendy Collins, et al. v. McKesson Corporation, et al., C.A. No. 2:12-00687

Eastern District of Virginia

Kraig Jackson, et al. v. McKesson Corporation, et al., C.A. No. 2:12-00401

Western District of Virginia

Shirley Bradley, et al. v. McKesson Corporation, et al., C.A. No. 7:12-00304

Western District of Washington

Beatrice Velasco, et al. v. McKesson Corporation, et al., C.A. No. 2:12-01208

Northern District of West Virginia

Jody Schnaak v. McKesson Corporation, et al., C.A. No. 1:12-00111
Betty Conner v. McKesson Corporation, et al., C.A. No. 2:12-00049
Patricia DeLorenzo v. McKesson Corporation, et al., C.A. No. 5:12-00106
Paul Whitlatch v. McKesson Corporation, et al., C.A. No. 5:12-00107

-A3-

**MDL No. 2404 Schedule A (Continued)**

<u>Southern District of West Virginia</u>

Dawn Johnson, et al. v. McKesson Corporation, et al., C.A. No. 2:12-03054

<u>Eastern District of Wisconsin</u>

Emma Kuhn v. McKesson Corporation, et al., C.A. No. 2:12-00717
John McMahon v. McKesson Corporation, et al., C.A. No. 2:12-00718
Latrisha Morrow v. McKesson Corporation, et al., C.A. No. 2:12-00719

<u>Western District of Wisconsin</u>

Barbara Moore v. McKesson Corporation, et al., C.A. No. 3:12-00496

<u>District of Wyoming</u>

Juanita Kaye Westlake v. McKesson Corporation, et al., C.A. No. 2:12-00152